# United States Bankruptcy Court
## Southern District of New York

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Coal Clean LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>Coal Clean Corporation | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>31-1488063 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>N/A |
| Street Address of Debtor (No. & Street, City, and State):<br>500 Lee Street East, Suite 900<br>Charleston, West Virginia<br>ZIP CODE 25301 | Street Address of Joint Debtor (No. & Street, City, and State):<br>N/A<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Kanawha County, WV | County of Residence or of the Principal Place of Business:<br>N/A |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

## Type of Debtor (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

## Nature of Business (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

## Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

## Nature of Debts (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

## Filing Fee (Check one box.)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

## Chapter 11 Debtors
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

---
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

## Statistical/Administrative Information
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

*Estimated creditors, assets and liabilities are on a consolidated basis.

| **Voluntary Petition** | Name of Debtor(s): Coal Clean LLC |
|---|---|
| *(This page must be completed and filed in every case)* | |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed:    N/A | Case Number:  N/A | Date Filed: |
| Location Where Filed:    N/A | Case Number:  N/A | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: See Attachment 1 | Case Number: Not yet assigned. | Date Filed: |
| District: Southern District of New York | Relationship: Affiliates | Judge: Not yet assigned. |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____  Signature of Attorney for Debtor(s)           (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): Coal Clean LLC |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X /s/ Damian S. Schaible<br>Signature of Attorney for Debtor(s)<br><br>Damian S. Schaible<br>Printed Name of Attorney for Debtor(s)<br><br>Davis Polk & Wardwell LLP<br>Firm Name<br><br>450 Lexington Avenue<br>New York, NY 10017<br>Address<br><br>(212) 450-4000<br>Telephone Number<br><br>07/09/12<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date<br><br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ Jacquelyn A. Jones<br>Signature of Authorized Individual<br><br>Jacquelyn A. Jones<br>Printed Name of Authorized Individual<br><br>Secretary<br>Title of Authorized Individual<br><br>07/09/12<br>Date | |

# ATTACHMENT 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Case Number | Judge |
|---|---|---|
| Affinity Mining Company | Not Yet Assigned | Not Yet Assigned |
| Apogee Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Appalachia Mine Services, LLC | Not Yet Assigned | Not Yet Assigned |
| Beaver Dam Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Big Eagle, LLC | Not Yet Assigned | Not Yet Assigned |
| Big Eagle Rail, LLC | Not Yet Assigned | Not Yet Assigned |
| Black Stallion Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Black Walnut Coal Company | Not Yet Assigned | Not Yet Assigned |
| Bluegrass Mine Services, LLC | Not Yet Assigned | Not Yet Assigned |
| Brook Trout Coal, LLC | Not Yet Assigned | Not Yet Assigned |
| Catenary Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Central States Coal Reserves of Kentucky, LLC | Not Yet Assigned | Not Yet Assigned |
| Charles Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Cleaton Coal Company | Not Yet Assigned | Not Yet Assigned |
| Coal Clean LLC | Not Yet Assigned | Not Yet Assigned |
| Coal Properties, LLC | Not Yet Assigned | Not Yet Assigned |
| Coal Reserve Holding Limited Liability Company No. 2 | Not Yet Assigned | Not Yet Assigned |
| Colony Bay Coal Company | Not Yet Assigned | Not Yet Assigned |
| Cook Mountain Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Corydon Resources LLC | Not Yet Assigned | Not Yet Assigned |
| Coventry Mining Services, LLC | Not Yet Assigned | Not Yet Assigned |
| Coyote Coal Company LLC | Not Yet Assigned | Not Yet Assigned |
| Cub Branch Coal Company LLC | Not Yet Assigned | Not Yet Assigned |
| Dakota LLC | Not Yet Assigned | Not Yet Assigned |
| Day LLC | Not Yet Assigned | Not Yet Assigned |
| Dixon Mining Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Dodge Hill Holding JV, LLC | Not Yet Assigned | Not Yet Assigned |
| Dodge Hill Mining Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Dodge Hill of Kentucky, LLC | Not Yet Assigned | Not Yet Assigned |

| Entity Name | Case Number | Judge |
|---|---|---|
| EACC Camps, Inc. | Not Yet Assigned | Not Yet Assigned |
| Eastern Associated Coal, LLC | Not Yet Assigned | Not Yet Assigned |
| Eastern Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Eastern Royalty, LLC | Not Yet Assigned | Not Yet Assigned |
| Emerald Processing, L.L.C. | Not Yet Assigned | Not Yet Assigned |
| Gateway Eagle Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Grand Eagle Mining, LLC | Not Yet Assigned | Not Yet Assigned |
| Heritage Coal Company LLC | Not Yet Assigned | Not Yet Assigned |
| Highland Mining Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Hillside Mining Company | Not Yet Assigned | Not Yet Assigned |
| Hobet Mining, LLC | Not Yet Assigned | Not Yet Assigned |
| Indian Hill Company LLC | Not Yet Assigned | Not Yet Assigned |
| Infinity Coal Sales, LLC | Not Yet Assigned | Not Yet Assigned |
| Interior Holdings, LLC | Not Yet Assigned | Not Yet Assigned |
| IO Coal LLC | Not Yet Assigned | Not Yet Assigned |
| Jarrell's Branch Coal Company | Not Yet Assigned | Not Yet Assigned |
| Jupiter Holdings LLC | Not Yet Assigned | Not Yet Assigned |
| Kanawha Eagle Coal, LLC | Not Yet Assigned | Not Yet Assigned |
| Kanawha River Ventures I, LLC | Not Yet Assigned | Not Yet Assigned |
| Kanawha River Ventures II, LLC | Not Yet Assigned | Not Yet Assigned |
| Kanawha River Ventures III, LLC | Not Yet Assigned | Not Yet Assigned |
| KE Ventures, LLC | Not Yet Assigned | Not Yet Assigned |
| Little Creek LLC | Not Yet Assigned | Not Yet Assigned |
| Logan Fork Coal Company | Not Yet Assigned | Not Yet Assigned |
| Magnum Coal Company LLC | Not Yet Assigned | Not Yet Assigned |
| Magnum Coal Sales LLC | Not Yet Assigned | Not Yet Assigned |
| Martinka Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Midland Trail Energy LLC | Not Yet Assigned | Not Yet Assigned |
| Midwest Coal Resources II, LLC | Not Yet Assigned | Not Yet Assigned |
| Mountain View Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| New Trout Coal Holdings II, LLC | Not Yet Assigned | Not Yet Assigned |
| Newtown Energy, Inc. | Not Yet Assigned | Not Yet Assigned |
| North Page Coal Corp. | Not Yet Assigned | Not Yet Assigned |
| Ohio County Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Panther LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Beaver Dam Holdings, LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Coal Company, L.P. | Not Yet Assigned | Not Yet Assigned |
| Patriot Coal Corporation | Not Yet Assigned | Not Yet Assigned |

| Entity Name | Case Number | Judge |
|---|---|---|
| Patriot Coal Sales LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Coal Services LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Leasing Company LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Midwest Holdings, LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Reserve Holdings, LLC | Not Yet Assigned | Not Yet Assigned |
| Patriot Trading LLC | Not Yet Assigned | Not Yet Assigned |
| PCX Enterprises, Inc. | Not Yet Assigned | Not Yet Assigned |
| Pine Ridge Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Pond Creek Land Resources, LLC | Not Yet Assigned | Not Yet Assigned |
| Pond Fork Processing LLC | Not Yet Assigned | Not Yet Assigned |
| Remington Holdings LLC | Not Yet Assigned | Not Yet Assigned |
| Remington II LLC | Not Yet Assigned | Not Yet Assigned |
| Remington LLC | Not Yet Assigned | Not Yet Assigned |
| Rivers Edge Mining, Inc. | Not Yet Assigned | Not Yet Assigned |
| Robin Land Company, LLC | Not Yet Assigned | Not Yet Assigned |
| Sentry Mining, LLC | Not Yet Assigned | Not Yet Assigned |
| Snowberry Land Company | Not Yet Assigned | Not Yet Assigned |
| Speed Mining LLC | Not Yet Assigned | Not Yet Assigned |
| Sterling Smokeless Coal Company, LLC | Not Yet Assigned | Not Yet Assigned |
| TC Sales Company, LLC | Not Yet Assigned | Not Yet Assigned |
| The Presidents Energy Company LLC | Not Yet Assigned | Not Yet Assigned |
| Thunderhill Coal LLC | Not Yet Assigned | Not Yet Assigned |
| Trout Coal Holdings, LLC | Not Yet Assigned | Not Yet Assigned |
| Union County Coal Co., LLC | Not Yet Assigned | Not Yet Assigned |
| Viper LLC | Not Yet Assigned | Not Yet Assigned |
| Weatherby Processing LLC | Not Yet Assigned | Not Yet Assigned |
| Wildcat Energy LLC | Not Yet Assigned | Not Yet Assigned |
| Wildcat, LLC | Not Yet Assigned | Not Yet Assigned |
| Will Scarlet Properties LLC | Not Yet Assigned | Not Yet Assigned |
| Winchester LLC | Not Yet Assigned | Not Yet Assigned |
| Winifrede Dock Limited Liability Company | Not Yet Assigned | Not Yet Assigned |
| Yankeetown Dock, LLC | Not Yet Assigned | Not Yet Assigned |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**COAL CLEAN LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 12- [    ] (___)<br><br>**(Jointly Administered)** |

## LIST OF CREDITORS HOLDING 50 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 50 largest general unsecured claims against the Debtors and its affiliates that have filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on the date hereof (collectively, the "Debtors")[1], on a consolidated basis. This list has been prepared from the books and records of the Debtors.

This list is prepared in accordance with 1007(d) of the Federal Rules of Bankruptcy Procedure and Rule 1007-1 of the Local Bankruptcy Rules for filing in this chapter 11 case. The list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest general unsecured claims.

This list reflects the information existing and available as of the Petition Date. The Company reserves the right to amend this list based on information existing as of the filing date.

The information presented herein, including the failure of the Company to list any claim as contingent, unliquidated or unknown, does not constitute an admission or waiver of the Company's right to contest the validity, priority or amount of any claim.

---

[1] The Debtors are listed in Attachment 1 annexed hereto.

The information presented herein, including the failure of the Company to list any claim as contingent, unliquidated or unknown, does not constitute an admission or waiver of the Company's right to contest the validity, priority or amount of any claim.

| Rank | (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|---|
| 1 | WILMINGTON TRUST COMPANY | WILMINGTON TRUST COMPANY<br>1100 NORTH MARKET STREET<br>RODNEY SQUARE NORTH<br>WILMINGTON, DE 19890<br>FAX: (302) 636-4144 | 8.25% SENIOR NOTES DUE 2018 | UNLIQUIDATED | $250,000,000 (Stated Principal) |
| 2 | US BANK NATIONAL ASSOCIATION | CORPORATE TRUST SERVICES<br>60 LIVINGSTONE AVENUE<br>ST. PAUL, MN 55518 | 3.25% CONVERTIBLE SENIOR NOTES DUE 2013 | UNLIQUIDATED | $200,000,000 (Stated Principal) |
| 3 | ALPHA NATURAL RESOURCES, INC. | ALPHA NATURAL RESOURCES, INC.<br>ATTN JACINDA BELT<br>999 CORPORATE BLVD SUITE 300<br>LINTHICUM, MD 21090<br>PHONE: (410) 689-7500<br>FAX: (276) 628-2951 | CONTRACT DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 4 | BENTLEY BADGETT II AND LINDA BADGETT | BENTLEY BADGETT II AND LINDA BADGETT<br>TJ EDWARDS, DONALD BOWLES<br>1822 N. MAIN STREET<br>MADISONVILLE, KY 42431<br>PHONE: (270) 821-0408<br>PHONE: (270) 821-2913<br>FAX: (270) 825-4350 | PROMISSORY NOTES | | $7,332,550 |
| 5 | AMERICAN FREEDOM INNOVATIONS LLC | AMERICAN FREEDOM INNOVATIONS LLC<br>250 CROSS POINT BLVD<br>EVANSVILLE, IN 47715<br>PHONE: 812-473-0700<br>FAX: 812-425-2339 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 6 | CSX TRANSPORTATION INC | CSX TRANSPORTATION INC<br>500 WATER ST, 15TH FL<br>JACKSONVILLE, FL 32202-4057<br>PHONE: (904) 279-4967 | TRADE DEBT | CONTINGENT UNLIQUIDATED | $6,352,748 |
| 7 | DAYTON POWER & LIGHT | DAYTON POWER & LIGHT<br>ATTN: TERESA MARRINAN AND CHARLENE BELL<br>1065 WOODMAN DRIVE<br>DAYTON, OH 45432<br>FAX: (937) 259-7250<br>FAX: (937) 259-7848<br>FAX: (937) 331-4990 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 8 | RICHARD WHITING | RICHARD WHITING | MISCELLANEOUS | | $5,533,576 |
| 9 | JENNMAR CORPORATION | JENNMAR CORPORATION<br>258 KAPPA DRIVE<br>PO BOX 111253<br>PITTSBURGH, PA 15238<br>PHONE: (412) 963-9071<br>FAX: (412) 963-9767 | TRADE DEBT | | $4,774,368 |

| Rank | (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br>Amount of claim |
|---|---|---|---|---|---|
| 10 | JMAC LEASING INC | JMAC LEASING INC<br>PO BOX 726<br>CEREDO, WV 25507<br>FAX: 304-538-2439 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 11 | CAPITAL SOURCE BANK | CAPITAL SOURCE BANK<br>ATTN: DAVID HEIDT<br>30 SOUTH WACKER DRIVE, SUITE 3500<br>CHICAGO, IL 60606<br>PHONE: (312) 706-2102<br>FAX: (312) 577-7902 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 12 | JOY MINING MACHINERY | JOY MINING MACHINERY<br>4111 N. WATER TOWER PLACE<br>SUITE B<br>MT. VERNON, IL 62864<br>PHONE: (800) 742-5569<br>FAX: (618) 242-8509 | TRADE DEBT | | $3,346,303 |
| 13 | CECIL I. WALKER MACHINERY CO. | CECIL I. WALKER MACHINERY CO.<br>PO BOX 905258<br>CHARLOTTE, NC 28290-5258<br>PHONE: (304) 949-6400 EXT 2341<br>FAX: (304)683-3113 | TRADE DEBT | | $3,339,153 |
| 14 | UNITED CENTRAL INDUSTRIAL SUPPLY | UNITED CENTRAL INDUSTRIAL SUPPLY<br>1150 NATIONAL MINE ROAD<br>MADISONVILLE, KY 42431<br>PHONE: (270) 821-6333<br>FAX: (270) 825-0244 | TRADE DEBT | | $3,156,337 |
| 15 | AMERICAN ELECTRIC POWER | AMERICAN ELECTRIC POWER<br>PO BOX 24401<br>CANTON, OH 44701-4404<br>PHONE: (800) 982-4237 | TRADE DEBT | UNLIQUIDATED | UNLIQUIDATED |
| 16 | CATERPILLAR GLOBAL MINING | CATERPILLAR GLOBAL MINING<br>2045 WEST PIKE STREET<br>HOUSTON, PA 15342<br>PHONE: (309) 675-1000<br>FAX: (859) 497-0818<br>FAX: (724) 743-1201 | TRADE DEBT | | $2,021,145 |
| 17 | RALEIGH MINE & INDUSTRIAL | RALEIGH MINE & INDUSTRIAL<br>PO BOX 72<br>MOUNT HOPE, WV 25880<br>PHONE: (304) 877-5503<br>FAX: (304) 877-5684 | TRADE DEBT | | $1,865,428 |
| 18 | J. H. FLETCHER & CO. | J. H. FLETCHER & CO.<br>402 HIGH STREET<br>HUNTINGTON, WV 25722-2187<br>PHONE: (304) 525-7811<br>FAX: (304) 523-1317 | TRADE DEBT | | $1,776,261 |
| 19 | INDUSTRIAL SUPPLY SOLUTIONS INC | INDUSTRIAL SUPPLY SOLUTIONS INC<br>PO BOX 798012<br>ST. LOUIS, MO 63179-8000<br>FAX: (304) 346-1639 | TRADE DEBT | | $1,371,701 |
| 20 | AFCO | AFCO<br>4501 COLLEGE BLVD, SUITE 320<br>LEAWOOD, KS 66211-2328<br>PHONE: (800) 288-6901 | TRADE DEBT | | $1,258,900 |
| 21 | NELSON BROTHERS LLC | NELSON BROTHERS LLC<br>820 SHADES CREEK PARKWAY, SUITE 2000<br>BIRMINGHAM, AL 35209<br>PHONE: (800) 972-2684<br>FAX: (304) 340-1530 | TRADE DEBT | | $1,150,614 |
| 22 | RISH EQUIPMENT CO | RISH EQUIPMENT CO<br>RT 44 YUMA CAMP RD<br>LOGAN, WV 25601<br>PHONE: (304) 752-9313<br>PHONE: (304) 380-0282<br>FAX: (304) 752-9318 | TRADE DEBT | | $1,099,571 |

| Rank | (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|---|
| 23 | JABO SUPPLY CORP | JABO SUPPLY CORP<br>PO BOX 238<br>HUNTINGTON, WV 25707-0238<br>PHONE: (304) 736-8333<br>FAX: (304) 736-8551 | TRADE DEBT | | $866,857 |
| 24 | ENVIROMINE INC | ENVIROMINE INC<br>PO BOX 11716<br>CHARLESTON, WV 25339<br>PHONE: (304) 552-3379<br>FAX: (888) 248-5302 | TRADE DEBT | | $835,060 |
| 25 | MONK MINING SUPPLY, INC. | MONK MINING SUPPLY, INC.<br>PO BOX 905895<br>CHARLOTTE, NC 28290-5895<br>PHONE: (276) 988-9641<br>FAX: (276) 988-8263 | TRADE DEBT | | $799,695 |
| 26 | SGS NORTH AMERICA INC | SGS NORTH AMERICA INC<br>P. O. BOX 2502<br>CAROL STREAM, IL 60132-2502<br>PHONE: (270) 827-1187<br>FAX: (270) 826-0719 | TRADE DEBT | | $765,701 |
| 27 | BANK OF THE WEST | BANK OF THE WEST<br>ATTN: SUZANNE WEAVER<br>844 WEST PAMPA<br>MESA, AZ 85210<br>PHONE: (480) 768-1799<br>FAX: (480) 456-0047 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 28 | CHISLER INC | CHISLER INC<br>153 BLUE GOOSE RD<br>FAIRVIEW, WV 26570<br>PHONE: (304) 798-3202<br>FAX: (304) 798-3211 | TRADE DEBT | | $714,937 |
| 29 | SUNCREST RESOURCES LLC | SUNCREST RESOURCES LLC<br>2550 EAST STONE DRIVE<br>SUITE 200<br>KINGSPORT, TN 37660<br>PHONE: (423) 723-0230 | TRADE DEBT | | $700,000 |
| 30 | COGAR MANUFACTURING INC | COGAR MANUFACTURING INC<br>PO BOX 532<br>BECKLEY, WV 25802<br>PHONE: (304) 252-4435<br>FAX: (304) 252-8003<br>FAX: (304) 252-4514 | TRADE DEBT | | $693,888 |
| 31 | I.B.M. CORP. | I.B.M. CORP.<br>PO BOX 534151<br>ATLANTA, GA 30353-4151<br>PHONE: (845) 759-2526 | TRADE DEBT | | $685,878 |
| 32 | POWELL CONSTRUCTION CO., INC | POWELL CONSTRUCTION CO., INC<br>3622 BRISTOL HIGHWAY<br>JOHNSON CITY, TN 37601 | TRADE DEBT | | $675,250 |
| 33 | SHONK LAND COMPANY LLC | SHONK LAND COMPANY LLC<br>PO BOX 969<br>CHARLESTON, WV 25324 | TRADE DEBT | | $670,000 |
| 34 | ALLEGHENY POWER | ALLEGHENY POWER<br>800 CABIN HILL DRIVE<br>GREENSBURG, PA 15601-0001<br>PHONE: (800) 255-3443 | TRADE DEBT | UNLIQUIDATED | UNLIQUIDATED |
| 35 | PENN VIRGINIA OPERATING CO LLC | PENN VIRGINIA OPERATING CO LLC<br>PO BOX 102992<br>ATLANTA, GA 30368-2992 | TRADE DEBT | | $633,981 |
| 36 | MINE EQUIPMENT & MILL SUPPLY CO | MINE EQUIPMENT & MILL SUPPLY CO<br>370 MINE EQUIPMENT ROAD<br>DAWSON SPRINGS, KY 42408<br>PHONE: (812) 402-4070<br>FAX: (812) 402-4077<br>FAX: (270) 797-3010 | TRADE DEBT | | $614,733 |

| Rank | (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|---|
| 37 | LOGAN CORP | LOGAN CORP<br>212 NORTH OHIO AVE<br>CLARKSBURG, WV 26301<br>PHONE: (800) 473-0110<br>FAX: (304) 623-5676<br>FAX: (304) 759-4817 | TRADE DEBT | | $584,699 |
| 38 | FLOMIN COAL INC | FLOMIN COAL INC<br>PO BOX 405655<br>ATLANTA, GA 30384-5655<br>PHONE: (606) 432-1535<br>FAX: (606) 437-0563<br>FAX: (606) 835-9146 | TRADE DEBT | | $581,599 |
| 39 | KOMATSU FINANCIAL LIMITED PARTNERSHIP | KOMATSU FINANCIAL LIMITED PARTNERSHIP<br>ATTN: JIMMY JOSEPH<br>1701 WEST GOLF ROAD<br>SUITE 300<br>CHICAGO, IL 60693<br>PHONE: (847) 437-5800<br>FAX: (847) 437-7097 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 40 | SOMERSET CAPITAL GROUP, LTD. | SOMERSET CAPITAL GROUP, LTD.<br>ATTN: YOLANDA DELANEY<br>MERRITT CORPORATE WOODS<br>612 WHEELERS FARMS RD<br>MILFORD, CT 06461<br>PHONE: (203) 382-2721<br>FAX: (203) 394-6192 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 41 | PHILLIPS 66 RECEIVABLE | PHILLIPS 66 RECEIVABLE<br>21064 NETWORK PLACE<br>CHICAGO, IL 60673-1210<br>PHONE: (800) 448-6630 | TRADE DEBT | | $539,264 |
| 42 | GE CAPITAL TMS | GE CAPITAL TMS<br>P. O. BOX 3083<br>CEDAR RAPIDS, IA 52406-3083<br>FAX: (319) 841-6324 | TRADE DEBT | | $532,378 |
| 43 | CHISLER BROTHERS CONTRACTING LLC | CHISLER BROTHERS CONTRACTING LLC<br>PO BOX 101<br>PENTRESS, WV 26544<br>PHONE: (304) 879-5511<br>FAX: (304) 879-5012 | TRADE DEBT | | $495,730 |
| 44 | AMERCABLE INCORPORATED | AMERCABLE INCORPORATED<br>350 BAILEY ROAD<br>ELDORADO, AR 71730<br>PHONE: (800) 643-1516<br>FAX: (870) 309-3582 | TRADE DEBT | | $454,704 |
| 45 | UNITED LEASING, INC. | UNITED LEASING, INC.<br>ATTN: MARTHA AHLERS<br>3700 MORGAN AVENUE<br>EVANSVILLE, IN 47715<br>PHONE: (812) 485-3578<br>FAX: (812) 474-4359<br>FAX: (812) 485-3642 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 46 | ALLEY TRUCKING LLC | ALLEY TRUCKING LLC<br>PO BOX 47<br>BELFRY, KY 41514<br>PHONE: (606) 353-4422<br>FAX: (606) 353-1270 | TRADE DEBT | | $425,569 |
| 47 | LONGWALL ASSOCIATES, INC. | LONGWALL ASSOCIATES, INC.<br>212 KENDALL AVENUE<br>CHILHOWIE, VA 24319<br>PHONE: (276) 646-2004<br>FAX: (276) 646-3999 | TRADE DEBT | | $411,619 |
| 48 | COALFIELD SERVICES INC | COALFIELD SERVICES INC<br>3203 PEPPERS FERRY ROAD<br>WYTHEVILLE, VA 24382-4947<br>PHONE: (276) 228-3167<br>FAX: (276) 228-7912 | TRADE DEBT | | $402,002 |

| Rank | (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim |
|---|---|---|---|---|---|
| 49 | FIFTH THIRD LEASING COMPANY | FIFTH THIRD LEASING COMPANY<br>ATTN: DAVID SCHLAF<br>8000 MARYLAND AVENUE<br>SUITE 1400<br>ST. LOUIS, MO 63105<br>PHONE: (314) 889-3307<br>FAX: (314) 889-3377 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |
| 50 | RBS ASSET FINANCE, INC. | RBS ASSET FINANCE, INC.<br>ATTN: JOHN STOGSDILL<br>71 S WACKER DRIVE<br>28TH FLOOR<br>CHICAGO, IL 60606<br>PHONE: (312) 777-3556<br>FAX: (312) 777-4003 | REJECTION DAMAGES | UNLIQUIDATED | UNLIQUIDATED |

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: New York, New York
       July 9, 2012

                                               By:   /s/ Jacquelyn A. Jones
                                                      Jacquelyn A. Jones
                                                        Authorized Officer

[Signature page to Coal Clean LLC 50 Largest Unsecured Claims]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**COAL CLEAN LLC,**<br><br>Debtor. | **Chapter 11**<br><br>Case No. 12- [    ] (___)<br><br>**(Jointly Administered)** |

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, Coal Clean LLC (the "**Company**") hereby states that the following entities directly or indirectly own 10% or more of the Company's equity interests:

  Infinity Coal Sales, LLC (100%  ownership interest)

The Company does not own (directly or indirectly) 10% or more of any class of a corporation's publicly traded equity interests.  The Company does not own an interest in any general or limited partnership or joint venture.

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: New York, New York
   July 9, 2012

                  By: /s/  Jacquelyn A. Jones
                     Jacquelyn A. Jones
                     Authorized Officer

# COAL CLEAN LLC

## Written Consent of the Sole Member

The undersigned, being the Sole Member (the "**Governing Body**") of Coal Clean LLC (the "**Subsidiary**"), a West Virginia limited liability company and a subsidiary of Patriot Coal Corporation (the "**Parent**"), does hereby consent to and adopt pursuant to the laws of the State of West Virginia the following resolutions:

Commencement of Chapter 11 Case

**WHEREAS,** the Governing Body reviewed and considered the materials presented by the Company's management team and its financial and legal advisors regarding the Company's liabilities and liquidity, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Governing Body consulted with the Company's management team and its financial and legal advisors, and has fully considered each of the Company's strategic alternatives.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body, it is desirable and in the best interests of the Company, its creditors, employees and other stakeholders that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**RESOLVED**, that each of the President, Treasurer, Secretary and Assistant Secretary (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause such petitions to be filed in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), each such petition to be filed at such time as the Authorized Officer executing the petition shall determine and to be in the form approved by the Authorized Officer executing such petition, such approval to be conclusively evidenced by the execution, verification and filing thereof;

Retention of Advisors

**RESOLVED**, that the law firm of Davis Polk & Wardwell LLP be, and hereby is, retained as counsel to the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED**, that the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP be, and hereby is, retained as conflicts counsel to the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED**, that Blackstone Advisory Partners L.P. be, and hereby is, retained as financial advisors for the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED**, that AP Services, LLC be, and hereby is, retained to provide temporary employees, interim management and restructuring services to the Company in the Company's chapter 11 case, subject to the approval of the Court;

**RESOLVED**, that GCG, Inc. be, and hereby is, retained as notice, claims and administrative agent for the Company in the Company's chapter 11 case, subject to the approval of the Court; and

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute and file in the Company's chapter 11 case all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to retain and obtain assistance from additional legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that any such Authorized Officer deems necessary or desirable in connection with the Company's chapter 11 case.

Debtor in Possession Financing

**WHEREAS,** the Parent and certain of its subsidiaries, including the Company, have determined to enter into one or more definitive credit agreements (collectively, the "**Credit Agreement**") to provide financing for superpriority senior secured debtor-in-possession credit facilities (including a roll-up of certain obligations outstanding under the Parent's existing credit facility) in a combined aggregate principal amount of up to $802 million (the "**Credit Facilities**"), the proceeds of which will be used to refinance certain of the Parent's obligations under the existing credit facility and the existing securitization facility, and for working capital, capital expenditures and other general corporate purposes;

**WHEREAS**, the lenders under the Credit Facilities require that the Company and certain other domestic wholly-owned direct and indirect subsidiaries of the Parent (together with the Company, the "**Subsidiary Guarantors**"; the Subsidiary Guarantors together with the Parent, the "**Loan Parties**") (1) guarantee the obligations of the Loan Parties under the Credit Agreement and the other Loan Documents (as defined below) and (2) grant one or more security interests in substantially all of its assets to secure the obligations of the Loan Parties under the Credit Agreement and the other Loan Documents; and

**WHEREAS**, the Governing Body has been advised of the material terms of the Credit Agreement and the other Loan Documents, has given full consideration to the transactions contemplated by the Credit Agreement, and has determined that the transactions contemplated by the Credit Agreement are in the best interest of the Company and that it is in the best interest of the Company to (i) enter into the Credit Agreement and execute and deliver each mortgage, security agreement, pledge agreement and other document under which a security interest in the assets of the Company is being created, and each other agreement document or instrument required thereunder (collectively, with the Credit Agreement, the "**Loan Documents**") and (ii) authorize the appropriate officers of the Company to take any and all actions as they may deem appropriate to effect the transactions contemplated by the Credit Agreement and each of

the other Loan Documents.

**NOW**, **THEREFORE**, **BE IT RESOLVED**, that the Company be, and it hereby is, authorized and empowered to enter into the Credit Agreement and each of the other Loan Documents to which it is a party and to consummate all the other transactions contemplated by the Loan Documents, including, without limitation, to guarantee the obligations of the Loan Parties under the Loan Documents, and to grant security interests in, and to pledge, mortgage or grant deeds of trust with respect to, its right, title and interest in and to its properties and assets to the extent required to secure the obligations of the Loan Parties under the Loan Documents;

**RESOLVED**, that each of the Authorized Officers of the Subsidiary be, and each of them hereby is, authorized to negotiate, execute and deliver the Credit Agreement and each of the other Loan Documents in the name and on behalf of the Company in the form and upon the terms and conditions as any Authorized Officer may approve (such approval to be conclusively established by such Authorized Officer's execution and delivery thereof), and to perform the Company's obligations thereunder and to take all actions in accordance therewith that any of them may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of such Authorized Officer in negotiating the terms of, and in executing and delivering, each of the Loan Documents, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted.

General Authorization and Ratification

**RESOLVED**, that in connection with the Company's chapter 11 case, the Authorized Officers be, and each hereby is, authorized and empowered on behalf of and in the name of the Company, to negotiate, execute, deliver, and perform or cause the performance of any notes, guarantees, security agreements, other agreements, consents, certificates, or instruments as such person considers necessary, appropriate, desirable or advisable to effectuate any other borrowing or other financial arrangements, such determination to be evidenced by such execution or taking of such action;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to take, or cause to be taken, any and all further actions (including, without limitation, (i) execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and (ii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions) and to take any and all steps deemed by any such Authorized Officer to be necessary, advisable or desirable to carry out the purpose and intent of each of the foregoing resolutions, and all actions heretofore taken by any such Authorized Officer or the Governing Body in furtherance thereof are hereby ratified, confirmed and approved in all respects;

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance

with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

**RESOLVED**, that this Written Consent may be executed, by facsimile or otherwise, by the undersigned, in counterparts, each of which shall be an original, but all of which together shall constitute but one and the same document.

[Signature Pages Follow]

IN WITNESS WHEREOF, I have hereunto set my hand this 9th day of July, 2012.

    Infinity Coal Sales, LLC
    Sole Member

    /s/ Robert L. Mead
    Name: Robert L. Mead
    Title:   Vice President and Treasurer

[Signature page to Coal Clean LLC Resolutions]